IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATA TREASURY CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA CORPORATION;<br>BANK OF AMERICA, NATIONAL<br>ASSOCIATION,<br><br>  Defendants | CAUSE NO. 2-05CV-292 |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION
TO STAY LITIGATION PENDING PATENT OFFICE
<u>REEXAMINATION OF THE PATENTS-IN-SUIT</u>**

## I. INTRODUCTION

This case presents the perfect scenario for a stay: (1) early stages of litigation, (2) all claims of the patent subject to reexamination, and (3) a patent holder unharmed by any temporal delay. DTC does not rebut the facts supporting a stay nor can it. Accordingly, DTC hopes this Court will accept its manufactured arguments that courts universally disfavor stays pending reexamination and that adding non-reexamined patents to a separate lawsuit – filed in this Court in March – overrides all other considerations in deciding whether to stay this case. Contrary to DTC's arguments, courts consistently stay litigation in its early stages pending reexamination and many courts have stayed litigation pending reexamination of fewer than all of the patents-at-issue. Moreover, the timing of DTC's purchase of new patents (including one that is cited as invalidating the patents-in-suit here) and quick filing of its 2006 lawsuit should raise suspicions; the Court should view DTC's tactics with the same jaundiced eye that it views defendants who try to delay litigation. A stay is plainly warranted.

## II. THE EARLY STAGE OF THIS LITIGATION WEIGHS STRONGLY IN FAVOR OF STAY

Courts do not universally disfavor and deny stays pending reexamination as DTC contends. Following a "liberal policy" in favor of staying litigation pending reexamination, courts consistently and routinely order stay when sought **early in the litigation**, as in this case.[1] The overwhelming majority of cases cited by DTC in support of its faulty argument (16 out of 18),[2] including all of the Eastern District of Texas cases,[3] deny a stay in the **later stages of**

---

[1] *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F.Supp. 1378, 1380 (N.D.Cal.1994); *CNS*, 2004 WL 3631121, *1 ("A stay pending reexamination is routinely ordered, particularly where discovery has not progressed past the early stages.").

[2] *CF NexMed Holdings, Inc. v. Block Investment, Inc.*, 2006 U.S. Dist. LEXIS 3150 (D. Ut. Jan. 19, 2006) (motion to stay filed 18 days before trial); *Translogic Tech., Inc. v. Hitachi, Ltd.*, 2005 U.S. Dist. LEXIS 38853 (D. Or. Dec. 13, 2005) (denied motion to stay six years after suit filed); *NTP, Inc. v. Research In Motion, Ltd.*, 397 F. Supp.2d 785 (E.D. Va. 2005) (motion to stay filed four years after suit filed); *Jain v. Trimas Corp.*, 2005 U.S. Dist. LEXIS 28950 (E.D. Cal. Sep. 27, 2005) (motion to stay filed 15 months after suit filed and after dispositive

**litigation**, when courts are more reluctant to stay "given the resources that the parties and the Court have already invested in the case. . . ." *Soverain Software*, 356 F. Supp.2d at 663. Furthermore, in the two cases cited by DTC which were in a similar posture to this case, the courts denied a stay specifically to expedite resolution of lawsuit and to avoid **demonstrated prejudice** to the non-moving party – a factor not present for DTC.[4] Because "the delay inherent to the reexamination process does not constitute, by itself, undue prejudice," DTC has failed to demonstrate any undue prejudice or show that the Court should overlook the benefits of reexamination at this early stage and deny stay.[5] *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006

---

summary judgment motion had been filed); *Ariad Pharm., Inc. v. Mass. Inst. of Tech.*, 2005 U.S. Dist. LEXIS 10941 (D. Mass. Jun. 6, 2005) (denying motion, stating "this motion comes very late in the litigation"); *Amphenol T & M Antennas, Inc. v. Centurion Intn'l, Inc.*, 2001 U.S. Dist. LEXIS 13795 (N.D. Ill. Sep. 5, 2001) (denying motion 13 months into litigation and after dispositive summary judgment motion had been filed); *Cognex Corp. v. Nat'l Instruments Corp.*, 2001 U.S. Dist. LEXIS 25555 (D. Del. Jun. 29, 2001) (motion to stay filed three weeks before close of discovery); *Xerox Corp. v. 3Com Corp.*, 69 F. Supp.2d 404 (W.D.N.Y. 1999) (denying motion, stating "case is nearly ready for trial"); *Agar Corp. v. Multi-Fluid, Inc.*, 983 F. Supp. 1126 (S.D. Tex. 1997) (denying motion in case pending for 21 months, stating "case could be considered to be in its later stages of litigation); *San Giacomo N.A., Ltd. v. Pilliod Furniture, Inc.*, 1996 U.S. Dist. LEXIS 14440 (M.D.N.C. Aug. 13, 1996) (motion to stay filed two months before trial date); *Accent Designs, Inc. v. Jan Jewelry Designs, Inc.*, 1994 U.S. Dist. LEXIS 4130 (S.D.N.Y. Apr. 6, 1994) (denying motion stating, "multiple opinions have been issued, discovery is well underway"); *Gladish v. Tyco Toys, Inc.*, 1993 U.S. Dist. LEXIS 20211 (E.D. Cal. Sep. 16, 1993) (denying motion to stay, in part because case "nearing the discovery cut-off date.").

[3] *Amiga Development, LLC v. Hewlett-Packard Co.*, Case No. 2:04-cv-242 (E.D. Tex. Feb. 16, 2006) (denying motion to stay pending a reexamination filed over a year after case was filed, finding a large portion of discovery had been completed and that case required expedited resolution given the age of the patent-in-suit (expires 10/2006)); *Microunity Systems Engr., Inc. v. Dell, Inc.*, Case No. 2:04-cv-120 (E.D. Tex. Aug. 15, 2005) (denying motion, stating "the parties are well into the discovery process and trial is less than three months away"); *Soverain Software, LLC v. Amazon.com, Inc.*, 356 F. Supp.2d 660 (E.D. Tex. 2005) (denying motion, in part because trial was six months away and the parties were to complete discovery the next month); *Motorola, Inc. v. STMicroelectronics*, Case No. 1:03-cv-0407 (E.D. Tex. June 29, 2004) (denying motion finding case "hardly in the 'early stages'" – defendant by "tactical motive" had delayed nine months to file the motion to stay, parties had "engaged in significant discovery, and *Markman* hearing was two weeks away).

[4] See, *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp.2d 1030, 1033 (C.D. Cal. 2005) (denying stay in lawsuit between direct competitors of a fast-developing technology finding "under each party's theory of irreparable harm, each party has the potential to be damaged by further delays" and "a swift resolution of the issues, according to both parties, is in the best interest of all involved."); *In re Columbia University Patent Litigation*, 330 F.Supp.2d 12, 17 (D. Mass. 2004) (denying stay in declaratory judgment action filed by licensee drug companies finding a stay would significantly harm the plaintiff because the uncertainty of whether they owed royalties would create difficulties in pricing its drugs and could also cause the drug companies to delay introduction of new products or waste money designing around an invalid patent, which could prove too costly in the highly regulated drug industry.).

[5] While DTC objects to being called a "patent troll" (Response at 2-3), the business model of this category of patent litigant is highly relevant to Bank of America's argument that DTC will suffer no harm as a result of a stay.

WL 708661, at *3 (N.D. Cal. Mar. 16, 2006). Indeed, although Magistrate Judge Craven recently denied First Data's motion to stay pending reexamination, she found that in that case the "undue prejudice" factor "weighs slightly in favor of a stay." *Data Treasury Corp. v. First Data Corp.*, Case No. 5:03-cv-00039 (E.D. Tex. Apr. 26, 2006). Given that the patents and plaintiff are the same, and the lack of any articulated prejudice to DTC, that factor likewise favors entry of a stay in this case as well.

As the Court is no doubt aware, Magistrate Judge Craven's decision to deny First Data's request for stay is largely premised on the finding that it would be "inefficient and inappropriate" to stay the First Data case at a late stage "[g]iven the resources that the parties and the Court have already invested." (Order at 4-5). By the same token, this factor weighs in favor a stay here since unlike *First Data*, DTC's case against Bank of America is in its earliest stages and the primary considerations for denying a stay do not apply. In contrast to the facts supporting Judge Craven's decision in *First Data Corp.*, there have been no expert reports, no depositions, no hearings or substantive rulings by the Court in this case, and a *Markman* hearing is over nine months away. Further, discovery (which is not due to close for another year) has just begun with only a small portion of documents having been disclosed by the DTC; DTC having served no written discovery and having provided almost no substantive responses to any written discovery by Bank of America (a fact soon to be the subject of motion practice should Plaintiff continue to ignore Bank of America's request to discuss the lack of substantive information provided if the case proceeds). Finally, the parties are just beginning to disclose the information required by this Court's Patent Rules with the Plaintiff's "Preliminary Infringement Contentions" (which are

---

*See*, *Overstock.com, Inc. v. Furnace Brook, LLC*, 2005 WL 3877582 (D. Utah Oct. 31, 2005) ("A patent troll is somebody who tries to make a lot of money off a patent that they are not practicing and have no intention of practicing and have never practiced.") (internal citations omitted).

wholly inadequate and the subject of another ignored request for conference and current motion practice), being the only information exchanged. In short, this case is at the opposite end of the spectrum from *First Data* in terms of the resources invested by the parties and the Court. DTC has not presented a persuasive argument that the Court should depart from the liberal policy in favor of stay in this case. Consistent with Magistrate Craven's logic in the *First Data* decision, a stay should be entered.

### III. ANY FUTURE CONSOLIDATION IS IRRELEVANT TO RESOLUTION OF THIS MOTION

DTC's argument that its filing of the 2006 lawsuit renders this Motion "largely moot," is remarkably premature given that no motion to consolidate has been filed. When and if DTC files a motion to consolidate, the Court can consider that consolidation, if any, when it holds its status conference as requested by Bank of America. Even in the event of a consolidation, the case law still favors a stay under the circumstances presented here. *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661, *4 (N.D. Cal. Mar. 16, 2006) (staying litigation of 3 patents; 2 under reexamination); *Pegasus Devlop. Corp. v. DirecTV, Inc.*, 2003 WL 21105073, *1 (D. Del. May 14, 2003) (staying litigation of 6 patents; 1 under reexamination); *CNS, Inc. v. Silver Eagle Labs, Inc.*, 2004 WL 3631121, *2 (D. Minn. Nov. 29, 2004) (staying litigation of 2 patents; 1 under reexamination); *Pacesetter, Inc. v. Cardiac Pacemakers*, 2003 WL 23303473, *3 (D. Minn. Nov. 19, 2003) (staying litigation of 4 patents; 2 under reexamination); *Methode Elecs., Inc. v. Infineon Techs. Corp.*, 2000 U.S. Dist. LEXIS 20689, at *5-6 (N.D.Cal. Aug. 7, 2000) (staying litigation of 2 patents; 1 under reexamination).

### IV. REEXAMINATION WILL SIMPLIFY ISSUES IN THIS CASE

DTC relies on the truism of an uncertain future to support its argument that this unpredictability should prevent action on the part of the Court. (Data Treasury's Response to

Defendant's Motion to Stay at 5). DTC further implies that the second *Soverain* factor – "whether a stay would simplify issues in the case" always counsels against stay, unless a court can guarantee cancellation of all asserted claims. In DTC's view of the world, a stay would never be granted. Yet Congress contemplated and codified the very relief Bank of America seeks. As the court stated in *Soverain*, "the unlikelihood [the Patent Office cancels all claims], which favors not staying the case, is **offset** by the possibility that some of the claims may change during reexamination, **which favors staying the case.**" 356 F. Supp.2d at 662 (emphasis added). Like the *Soverain* court, Magistrate Craven also found the balancing of this factor to be "more equivocal" when weighed against the advanced nature of the First Data case. (Order at 4) ("[T]he Court finds the possibility of issue simplification is not sufficiently persuasive **in this case** to favor a stay.") (emphasis added).

In contrast to both the *Soverain* and *First Data* actions, this case is in its early stages with little discovery, a distant *Markman* hearing and an even more distant trial. The potential of issue simplification here counsels toward a stay. Any changes in the 93 claims of the patents-in-suit, will affect document discovery, depositions, motion practice and the *Markman* hearing. Furthermore, additional information may be gleaned from the Patent Office's first office action which should be published in the near term. Bank of America has asked this Court for a brief stay until August 28, 2006. In light of the circumstances, a stay of that length is both reasonable and prudent.

Dated: May 5, 2006　　　　　　　　　　　Respectfully submitted,

FISH & RICHARDSON P.C.


By: /s/ Thomas M. Melsheimer
　　　Thomas M. Melsheimer
　　　Texas State Bar No. 13922550
　　　1717 Main Street
　　　Suite 5000
　　　Dallas, TX 75201
　　　214-747-5070 (Telephone)
　　　214-747-2091 (Telecopy)

　　　Robert E. Hillman
　　　Fish & Richardson P.C.
　　　225 Franklin Street
　　　Boston, MA 02110-2804
　　　617-542-5070 (Telephone)
　　　617-542-8906 (Telecopy)

　　　Robert M. Parker
　　　Robert Christopher Bunt
　　　Parker & Bunt, P.C.
　　　100 E. Ferguson, Suite 1114
　　　Tyler, Texas 75702
　　　(903) 531-3535 (Telephone)
　　　(903) 533-9687 (Telecopy)

　　　Michael E. Jones
　　　Texas Bar No. 10929400
　　　E. Glenn Thames, Jr.
　　　Texas Bar No. 00785097
　　　Potter Minton
　　　500 Plaza Tower
　　　110 North College, Suite 500
　　　Tyler, TX 75702

Counsel for Defendants
BANK OF AMERICA CORPORATION,
BANK OF AMERICA, NATIONAL
ASSOCIATION

# CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 5, 2006 on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

| | |
|---|---|
| Edward L. Hohn<br>Nix Patterson & Roach, L.L.P.<br>205 Linda Drive<br>Daingerfield, TX  75638 | Attorney for Plaintiff<br>Data Treasury Corporation |
| C. Cary Patterson<br>Nix Patterson & Roach, L.L.P.<br>2900 St. Michael Dr., 5th Floor<br>Texarkana, TX  75503 | Attorney for Plaintiff<br>Data Treasury Corporation |
| Rod A. Cooper, JD, MA<br>The Cooper Law Firm<br>545 E. John Carpenter Freeway<br>Suite 1460<br>Irving, TX  75062 | Attorney for Plaintiff<br>Data Treasury Corporation |
| Eric M. Albritton<br>Albritton Law Firm<br>109 W. Tyler<br>Longview, TX  75601 | Attorney for Plaintiff<br>Data Treasury Corporation |
| Joe Kendall<br>Karl Rupp<br>Provost Umphrey Law Firm, L.L.P.<br>3232 McKinney Avenue, Suite 700<br>Dallas, TX  75204 | Attorney for Plaintiff<br>Data Treasury Corporation |
| T. John Ward Jr.<br>Law Office of T. John Ward, Jr. P.C.<br>109 W. Tyler<br>Longview, TX  75601 | Attorney for Plaintiff<br>Data Treasury Corporation |

                 /s/ Thomas M. Melsheimer
                 Thomas M. Melsheimer

90172891.doc

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY LITIGATION
PENDING PATENT OFFICE REEXAMINATION OF THE PATENTS-IN-SUIT – Page 7**